UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS TUCKER, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LENNAR CORPORATION, et al., ) <br> ) <br> Defendants. ) <br> ) | 2:08-CV-00739-LRH-GWF <br><br> ORDER |

Presently before the court are Defendants' Petition for Removal (#1[1]) and Statement Regarding Removal (#7). It is unclear from these pleadings whether the requisite amount in controversy exists to confer subject matter jurisdiction on this court. Defendants are therefore granted leave to present evidence in order to establish that this action involves the requisite amount in controversy.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The district courts of the United States have original jurisdiction of civil actions when the suit is between citizens of different states and the amount in controversy,

---

[1] Refers to the court's docket

exclusive of interest and costs, exceeds $75,000.  28 U.S.C. § 1332(a).  Section 1332(a) also provides the statutory basis for federal courts' subject-matter jurisdiction over suits between citizens of different states.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).

"If . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  Moreover, the removal statute is construed restrictively and in favor of remanding a case to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus*, 980 F.2d at 566.

After a party files a petition for removal, the court must determine whether federal jurisdiction exists, even if no objection is made to removal.  *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996).  "[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000."  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  This preponderance-of-the-evidence analysis encompasses whether it is "'facially apparent' from the complaint that the jurisdictional amount is in controversy."  *See Singer v. State Farm Mut. Auto. Ins.*, 116 F.3d 373, 377 (9th Cir. 1997) (delineating the "appropriate procedure for determining the amount in controversy on removal" as described in *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)).  "When the amount is not facially apparent from the complaint, the court may consider facts in the removal petition and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006) (internal quotation marks omitted).

After review of the complaint and Defendants' petition for removal, the court finds it requires more evidence to determine whether it has subject matter jurisdiction over this case.

1  Jurisdiction will only exist if Defendants can present "summary-judgment-type evidence" to
2  establish by a preponderance of the evidence that this case meets § 1332(a)'s amount in controversy
3  requirement.
4       IT IS THEREFORE ORDERED that Defendants are granted 20 days to establish the
5  minimum amount in controversy for federal jurisdiction.  Plaintiffs are granted 10 days to file an
6  opposition.  No reply is required.
7       IT IS SO ORDERED.
8       DATED this 30th day of June 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE